[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S POST-JUDGMENT MOTION FOR CONTEMPT (255)
The parties have shared custody of their only son. The parties submitted a visitation agreement (240) including a day to day calendar defining when their son shall reside with each parent, for the period September 6, 2001 through September 4, 2002. Their agreement was approved and so ordered on September 6, 2001.
The present motion alleges that the plaintiff "knowingly and willfully failed and refused to return the parties' son to the defendant until August 3, 2002."
The "day by day calendar" indicates that days marked with an "X" are days when the son shall reside with his father. August 2 is unmarked. The agreement further provides that:
 "Mr. Foley shall pick up Thomas the afternoon before Thomas is scheduled to stay with him."
A similar provision applies to the defendant.
The boy was traveling with his mother prior to August 2, 2002. The agreement is silent regarding the times when the boy is obliged to travel solo by airplane. The plaintiff also asserted that she was owed make up time. The defendant admitted as much. The court draws the inference that the owed time has to come about because the mother did not insist upon a literal application of the "day to day calendar." This court declines to apply an inflexible application to the August 2/August 3 dispute.
The defendant's Motion For Contempt is denied.
___________________ HARRIGAN, J.T.R. CT Page 13444